UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00487-SSS-SPx | Date | June 30, 2026 |
| Title | *Lijing Li v. Sardocor Corp. et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 19]**

Before the Court is Plaintiff Lijing Li's Motion to Remand.  [Dkt. No. 19, "Motion"].  Defendants oppose.  [Dkt. No. 20, Opposition or "Opp."].  Plaintiff filed a Reply.  [Dkt. No. 21, "Reply"].  Having considered the parties' arguments, relevant legal authority, and record in this case, the Motion is **DENIED**.

## I.    BACKGROUND

Plaintiff filed this employment action in San Bernardino County Superior Court on November 10, 2025, alleging thirteen causes of action under California law arising from her employment and her July 23, 2025 termination.  [Dkt. No. 1-1, "Complaint"].  The Complaint names two corporate Defendants:  "SARDOCOR CORP., a California Corporation" and "MEDERA, INC., a California Corporation."  [*Id.*].

On December 11, 2025, Plaintiff transmitted to defense counsel a Notice and Acknowledgment of Receipt under California Code of Civil Procedure § 415.30, together with the summons, Complaint, and related case-initiating documents.  [Dkt. No. 19-1, "Tretola Decl." ¶ 4; *id.* Ex. 2].  Defense counsel executed the

CIVIL MINUTES—
GENERAL      Initials of Deputy Clerk iv

Notice and Acknowledgment of Receipt on behalf of both Defendants on December 31, 2025. [*Id.*]. Defendants filed an Answer in state court on January 29, 2026, [Tretola Decl., Ex. 3], and removed this action to federal court the following day, January 30, 2026, on the basis of diversity jurisdiction. [Dkt. No. 1, "Notice of Removal"].

The Notice of Removal asserts that Sardocor is a Delaware corporation and Medera is a Cayman Islands corporation, and that both maintain their principal place of business at 6 Tide Street, 2nd Floor, Boston, Massachusetts. [Notice of Removal 3–4]. In support of removal, Defendants submitted a declaration from Roger Hajjar, Sardocor's Chief Executive Officer, attesting to those same facts. [Dkt. No. 4, "Hajjar Decl."]. Plaintiff is a California citizen. [Complaint ¶ 3].

In support of remand, Plaintiff submitted public-record evidence that she contends creates doubt regarding the identity and citizenship of the entities that accepted service, answered, and removed. That evidence includes: (1) California Secretary of State records reflecting an active California corporation named "Medera, Inc." (Entity No. 3570063) and a previously registered California corporation named "Sardocor Corp." (Entity No. 4783331) listed as terminated, [Tretola Decl., Ex. 7]; (2) a September 9, 2021 Statement of Information for the California Sardocor entity identifying Roger Hajjar as agent for service, Chief Executive Officer, and a Director, and listing the entity's principal and executive office at 5270 California Avenue, Suite 300, Irvine, California, [Tretola Decl., Exs. 8, 14]; (3) two Statements of Information filed by the California "Medera, Inc." entity on September 15, 2025, listing California officer addresses in City of Industry and Ontario, [Tretola Decl., Ex. 9]; (4) archived captures of Defendants' medera.bio "Contact Us" webpage showing that Medera publicly represented an Irvine, California address as its contact address as late as February 5, 2023, [Tretola Decl., Exs. 13, 14]; and (5) public materials identifying Ronald Li as Medera's CEO and associating him with the California corporate footprint, [Tretola Decl., Ex. 15].

In opposition, Defendants submitted a declaration from Sue Kim, identified as the Financial Controller of Sardocor and Medera. [Dkt. No. 20-1, "Kim Decl."]. Ms. Kim attests that Sardocor was incorporated in Delaware on June 4, 2020; that Medera is a Cayman Islands exempted company; that neither Defendant has officers or directors in California; that strategic and operational decisions are made domestically in Boston and internationally in Hong Kong; and that corporate books and records are maintained in cloud-based systems administered from those

CIVIL MINUTES— GENERAL    Initials of Deputy Clerk <u>iv</u>

locations.  [*Id.* ¶¶ 4–9].  Ms. Kim further states that the California "Sardocor Corp." entity arose from "administrative error" when a temporary financial consultant working on behalf of Defendant Sardocor mistakenly submitted California incorporation paperwork in August 2021, and that the California entity "never employed anyone, never operated, and never maintained a place of business" before its July 19, 2022 dissolution.  [*Id.* ¶¶ 12–13].  Plaintiff's employment with Sardocor began on July 29, 2022, ten days after the California entity's dissolution.  [*Id.* ¶ 12].  Defendants also submit a Cayman Islands Certificate of Good Standing for Medera dated April 19, 2024.  [*Id.*, Ex. A].

In reply, Plaintiff submitted a Supplemental Declaration of counsel addressing additional indicia she contends is evidence of California-based operations and challenging the foundation for Ms. Kim's declaration.  [Dkt. No. 22, "Tretola Supp. Decl."].

## II.    LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which a federal court could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy of more than $75,000.  28 U.S.C. § 1332; *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018).

"A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").  Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  This presumption against removal "means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citations omitted).  "[T]he court resolves all ambiguity in favor of remand to state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

CIVIL MINUTES—GENERAL    Initials of Deputy Clerk <u>iv</u>

## III.    DISCUSSION

Plaintiff moves to remand this action to the Superior Court of California, County of San Bernardino, on two grounds: First, the Notice of Removal was untimely under 28 U.S.C. § 1446(b); and second, Defendants failed to establish complete diversity of citizenship.  The Court discusses each issue in turn.

### A.    Timeliness of Removal

Plaintiff first argues that the Notice of Removal was untimely under 28 U.S.C. § 1446(b) because the thirty-day removal clock began to run on December 11, 2025, when Plaintiff transmitted the Notice and Acknowledgment of Receipt to defense counsel.  [Motion at 14–17].  Defendants respond that service was not complete until they executed and returned the Notice and Acknowledgment of Receipt on December 31, 2025, and that the January 30, 2026 removal was therefore within the thirty-day window.  [Opp. at 6–8].  The Court agrees with Defendants.

"Although state law determines when service is made, federal law defines the procedure for the federal removal statute." *Verdin v. Target Corp.*, No. CV 18-9185 PA-Ex, 2019 WL 1090768, at *3 (C.D. Cal. Jan. 4, 2019); *see also Chicago, Rock Island & Pacific R.R. v. Stude*, 346 U.S. 574, 580 (1954) ("It is a question of the construction of the federal statute on removal, and not the state statute.  The latter's procedural provisions cannot control the privilege or removal granted by the federal statute.").  Under California Code of Civil Procedure § 415.30(c), service by Notice and Acknowledgment of Receipt "is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender." Cal. Civ. Proc. Code § 415.30(c).

Here, the Judicial Council Form POS-015 used by Plaintiff to effect service recites that rule on its face.  [Tretola Decl., Ex. 2 ("If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.")].  Service was therefore complete on December 31, 2025, when defense counsel executed and returned the acknowledgments.  [*Id.*].  The thirty-day removal clock under 28 U.S.C. §1446(b)(1) ran from that date, and the Notice of Removal filed on January 30, 2026, was thus timely.

Because the Court concludes that removal was timely, the Court does not reach Defendants' alternative argument that Plaintiff waived any procedural challenge under 28 U.S.C. § 1447(c).

CIVIL MINUTES— GENERAL    Initials of Deputy Clerk iv

**B.     Complete Diversity**

Plaintiff next argues that Defendants have failed to carry their burden to establish complete diversity of citizenship.  [Motion at 9–14].  Plaintiff is a California citizen.  [Complaint ¶ 3].  The dispute thus turns on whether either Defendant is also a California citizen.  Because both Defendants are alleged to be incorporated outside California, Sardocor in Delaware and Medera in the Cayman Islands, the question is whether either Defendant's principal place of business is in California within the meaning of 28 U.S.C. § 1332(c)(1).  The court discusses whether Defendants have carried their burden by a preponderance of the evidence.

**1.     Whether Plaintiff mounted a factual attack and shifted the burden to Defendants**

Three decisions establish the framework governing the Court's review.  In *Dart Cherokee Basin Operating Co. v. Owens*, the Supreme Court held that a notice of removal "need include only a plausible allegation" of the jurisdictional facts and "need not contain evidentiary submissions".  574 U.S. 81, 83–84 (2014).  only when the plaintiff contests those allegations do "both sides submit proof and the court decide[], by a preponderance of the evidence, whether the [jurisdictional] requirement has been satisfied."  *Id.* at 88–89.

In *Leite v. Crane Co.*, the Ninth Circuit located that framework within Federal Rule of Civil Procedure 12(b)(1)'s facial or factual attack standard: a facial attack accepts the truth of the removing party's allegations and tests their legal sufficiency, whereas a factual attack contests their truth and requires the removing party to support them with "competent proof" under "the same evidentiary standard that governs in the summary judgment context."  749 F.3d 1117, 1121 (9th Cir. 2014).

Further, in *Ibarra v. Manheim Investments, Inc.*, the Ninth Circuit confirmed that where a factual attack is mounted, the removing party must prove the contested facts by a preponderance of "real evidence," not "speculation and conjecture," and "if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction."  775 F.3d 1193, 1197, 1199 (9th Cir. 2015).

Although *Dart Cherokee* and *Ibarra* arose in the amount-in-controversy context, the framework they articulate applies equally to disputed allegations of diverse corporate citizenship.  *Dart Cherokee*'s holding rests on the text of the

CIVIL MINUTES— GENERAL     Initials of Deputy Clerk <u>iv</u>

removal statute, 28 U.S.C. § 1446(a), which requires only "a short and plain statement of the grounds for removal" and which the Supreme Court explained tracks Federal Rule of Civil Procedure 8(a) so that courts will "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee*, 574 U.S. at 87. Section 1446(a) draws no distinction between amount in controversy grounds and citizenship grounds. The Ninth Circuit confirmed as much in *Leite*, which arose under the federal-officer-removal statute and held that "[c]hallenges to the existence of removal jurisdiction," without limitation as to which jurisdictional fact is challenged, "should be resolved within th[e] same framework" governing facial and factual attacks under Rule 12(b)(1), "given the parallel nature of the inquiry." *See Leite*, 749 F.3d at 1121–22. In addition, the "competent proof" standard itself originates in *Hertz Corp. v. Friend*, a corporate citizenship case, which *Leite* cites directly for that proposition. 559 U.S. 77, 96–97 (2010); *Leite*, 749 F.3d at 1121.

Here, Plaintiff factually contests Defendants' citizenship allegations. She has submitted public-record evidence outside the pleadings, including California Secretary of State filings for entities bearing Defendants' names, archived captures of Defendants' own website, and a Supplemental Declaration of counsel. [Tretola Decl., Exs. 7–9, 13–15; Tretola. Supp. Decl.]. These submissions "contest[] the truth of [Defendants'] factual allegations" in classic factual-attack form. *Leite*, 749 F.3d at 1121. Defendants must therefore support their jurisdictional allegations with competent proof and prove the contested facts by a preponderance of the evidence. *Id.*; *Ibarra*, 775 F.3d at 1197.

### 2. Whether Defendants' declarations are competent proof establishing Boston as the principal place of business

"When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010). A declaration from a corporate officer based on personal knowledge of the corporation's structure and operations is an example of such proof. *Hertz* credited an employee-relations manager's declaration as competent evidence of nerve-center citizenship. *Id.* at 97. Courts in the Ninth Circuit have also consistently treated officer and corporate-counsel declarations attesting to incorporation and principal place of business as sufficient, competent proof on a contested record. *See, e.g.*, *Miranda v. Catch of LA Operating Co. LLC*, No. 2:24-cv-01434-WLH-KS, 2024 WL 2272385, at *3 (C.D. Cal. May 17, 2024) (declaration from corporate counsel made "under oath and based on the

individual's personal knowledge" of corporate structure and filings was not hearsay and constituted competent proof); *Morse v. G4S Secure Sols. (USA), Inc.*, No. 21-cv-413-CAB-BLM, 2021 WL 1625160, at *1 n.1 (S.D. Cal. Apr. 27, 2021) (declaration from human-resources director sufficient to establish corporate headquarters); *Petropolous v. FCA US, LLC*, No. 17-cv-0398 W (KSC), 2017 WL 2889303, at *3 (S.D. Cal. July 7, 2017) (senior in-house counsel's declaration regarding corporate structure had sufficient foundation).

Here, Defendants' declarations meet this standard. Mr. Hajjar is Sardocor's Chief Executive Officer and attests, under penalty of perjury, to the corporate organization of both Defendants and to the location of their principal place of business at 6 Tide Street, 2nd Floor, Boston, Massachusetts. [Hajjar Decl. ¶¶ 1–3]. Ms. Kim is the Financial Controller of both Defendants, with direct and routine access to the corporate, financial, payroll, and accounting records maintained in the ordinary course of business. [Kim Decl. ¶¶ 1–3]. She attests to Sardocor's June 4, 2020 Delaware incorporation, to Medera's Cayman Islands organization, to the absence of any officers or directors in California, to the location of strategic and operational decision-making in Boston and Hong Kong, and to the location of corporate books and records in cloud-based systems administered from those locations. [*Id.* ¶¶ 4–9]. Ms. Kim's declaration is corroborated by a Cayman Islands Certificate of Good Standing for Medera. [*Id.*, Ex. A].

Plaintiff argues that Ms. Kim's declaration lacks foundation for events that predate her April 2022 employment with Sardocor. [Reply at 12–14]. That objection is not persuasive. As Financial Controller, Ms. Kim's personal knowledge is based not only on direct observation but also on her routine review of the corporate, financial, and accounting records the corporations maintain in the ordinary course of business. [Kim Decl. ¶¶ 2–3]. Courts in the Ninth Circuit accept such record-based knowledge from corporate officers as competent proof on a contested removal record. *See Miranda*, 2024 WL 2272385, at *3; *Petropolous*, 2017 WL 2889303, at *3. Personal knowledge in this context does not require contemporaneous presence at the time of incorporation. Familiarity with the corporation's books and records that a senior financial officer routinely possesses by virtue of her role is sufficient. Ms. Kim has supplied that foundation.

Defendants' evidence establishes, by a preponderance, that Boston is the nerve center of both Defendants for purposes of 28 U.S.C. § 1332(c)(1). *Hertz* defines the principal place of business as "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," and

CIVIL MINUTES— GENERAL    Initials of Deputy Clerk <u>iv</u>

instructs that the nerve center "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination."  559 U.S. at 80, 93.  The Hajjar and Kim declarations together identify a single such location: 6 Tide Street, 2nd Floor, Boston, Massachusetts.  [Hajjar Decl. ¶¶ 2–3; Kim Decl. ¶¶ 6, 8].  Ms. Kim's declaration further specifies that the strategic and operational decisions that *Hertz* treats as defining the nerve center, "decisions regarding corporate direction, financing, research and development priorities, hiring and personnel, regulatory strategy, and business development," are made there in Boston.  [Kim Decl. ¶ 8]. That is the inquiry *Hertz* requires, and Defendants have satisfied it with sworn testimony from officials in the best position to know such information.

### 3.    Whether Plaintiff's countervailing evidence adequately rebuts Defendants' showing

Plaintiff's public-record evidence, considered carefully and in the light most favorable to her position, still does not displace Defendants' competent showing. The Court addresses each category in turn.

First, Plaintiff identifies a California corporation named "Medera, Inc." registered with the California Secretary of State and listing California officer addresses on Statements of Information filed September 15, 2025.  [Tretola Decl., Exs. 7, 9].  That entity is not Defendant Medera.  The California entity's Statements of Information identify Jing Yu as its sole Chief Executive Officer, Chief Financial Officer, Secretary, Director, and agent for service of process.  [*Id.*, Ex. 9].  It describes its line of business as "INTERNATIONAL TRADE," and a related business-directory entry classifies it as a fulfillment company.  [*Id.*, Exs. 9, 10]. Defendant Medera, by contrast, is a clinical-stage biotechnology company organized in the Cayman Islands with no overlap in officers, directors, or industry.  [Kim Decl. ¶¶ 5, 11].  The shared corporate name does not, without more, render the California entity's citizenship attributable to Defendant Medera.  *See Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131–32 (9th Cir. 2002) ("[A]ctual citizenship controls—not the plaintiff's mistaken allegations.").

Second, Plaintiff also identifies a California corporation named "Sardocor Corp." listed as terminated, with a September 9, 2021 Statement of Information bearing Roger Hajjar's name and an Irvine address.  [Tretola Decl., Exs. 7, 8, 14]. Ms. Kim's declaration explains the origin of that filing: a temporary financial consultant working on behalf of Defendant Sardocor mistakenly submitted

California incorporation paperwork in August 2021 despite Defendant Sardocor's preexisting Delaware incorporation, and the California entity was promptly dissolved. [Kim Decl. ¶ 12]. Importantly, the California entity's "Inactive Date" is July 19, 2022, and Plaintiff's employment with Defendant Sardocor did not begin until July 29, 2022, ten days later. [*Id.*; Tretola Decl., Ex. 7]. Diversity is measured as of the time of filing and the time of removal. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004). Plaintiff filed her state-court complaint on November 10, 2025, and removal occurred on January 30, 2026. At both relevant times, the California Sardocor entity had been dissolved for more than three years and had no operations capable of supplying California citizenship to Defendant Sardocor.

Third, Plaintiff responds that under California Corporations Code §§ 2010–2011, a dissolved corporation continues to exist for purposes of winding up and may be sued. [Reply at 3–5]. That observation may be correct as a matter of state corporate law, but it does not establish federal diversity citizenship. Section 1332(c)(1) anchors corporate citizenship to incorporation and principal place of business. A dissolved entity with no operations has no principal place of business capable of supplying California citizenship to Defendant Sardocor at the relevant times. Even crediting Plaintiff's evidence that the California filing was made on behalf of Defendant Sardocor, the relevant inquiry remains whether Defendant Sardocor, the entity actually before the Court, maintained its principal place of business in California at the time of filing and removal. Defendants' competent proof establishes that it did not.

Fourth, Plaintiff identifies an archived capture of Medera's "Contact Us" webpage from February 5, 2023 reflecting an Irvine, California contact address. [Tretola Decl., Ex. 13]. A nearly three-year-old archived webpage does not establish citizenship as of November 2025 or January 2026, the time of filing and the time of removal, respectively. *See Grupo Dataflux*, 541 U.S. at 570–71. Defendants' sworn declarations establish that Defendants' actual center of direction, control, and coordination at the relevant times is in Boston, not Irvine. [Hajjar Decl. ¶¶ 2–3; Kim Decl. ¶¶ 6–9].

Fifth, Plaintiff submits third-party business-directory listings and aggregator entries from sources including ZoomInfo and the Aberdeen Group/CI Technology Database. [Tretola Decl., Exs. 10–12]. Plaintiff concedes that these materials are not offered for the truth of the corporate identifications they contain. [Dkt. No. 19-2 at 5]. The Court accordingly does not rely on them for that purpose. Considered

for the limited purpose of showing what publicly available sources reflect, these records are weak countervailing evidence at best. The Aberdeen Group entry, for example, simultaneously classifies "Medera Inc" under NAICS codes for nanotechnology research and development, alcoholic-beverage drinking places, limited-service restaurants, and aircraft manufacturing. [Tretola Decl., Ex. 11]. Such internally inconsistent third-party data is insufficient to overcome competent declarations from corporate officers with direct knowledge of Defendants' actual operations.

Lastly, in reply, Plaintiff's counsel submits a Supplemental Declaration identifying a California-geolocated IP address associated with the transmission of Plaintiff's employment agreement and a LinkedIn profile of a former Sardocor employee. [Tretola Supp. Decl. ¶¶ 4–10]. Even taking this evidence at face value, *Hertz* forecloses the inference Plaintiff draws from it. The *Hertz* Court rejected the proposition that a corporation's principal place of business is established by "the location of [its] general business activities" or by where its employees happen to work. 559 U.S. at 95–96. The nerve-center inquiry is directed at "the center of overall direction, control, and coordination," not at the location of employees or operational activity. *Id.* That a Sardocor employee worked from California, or that a senior executive at one point transmitted a document from a California IP address, does not establish California as the nerve center where Defendants' competent proof identifies Boston as the principal place of business.

### 4. Whether Defendants carried their burden by a preponderance of the evidence

Taking the record as a whole, Defendants have submitted sworn declarations from corporate officers in the best position to identify the precise location at which Defendants' strategic and operational decisions are made and at which Defendants' books and records are maintained. Plaintiff's countervailing evidence consists of public records concerning a similarly named but unrelated California entity, a dissolved California entity that did not exist during the relevant period, an outdated archived webpage, internally inconsistent third-party aggregator data, and evidence of California-based employees that does not bear on the nerve-center inquiry under *Hertz*. The Court thus finds that Defendants have established by a preponderance of the evidence that neither Defendant is a citizen of California. Complete diversity exists, and the Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a).

CIVIL MINUTES— GENERAL    Initials of Deputy Clerk <u>iv</u>

## IV.    CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Remand is **DENIED**. [Dkt. No. 19].  Plaintiff's request for an award of attorneys' fees and costs is **DENIED** as moot.  [*Id.*].

**IT IS SO ORDERED.**